**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 97-4982

TARRANT COUNTS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                    No. 98-4219
TIMOTHY P. TYLER, a/k/a Tyrone
Gibson,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-96-155-V)

Submitted: February 16, 1999

Decided: March 19, 1999

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

No. 97-4982 dismissed and No. 98-4219 affirmed by unpublished per
curiam opinion.

_____

**COUNSEL**

Claire J. Rauscher, Grant Smithson, Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Robert J. Higdon, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy P. Tyler and Tarrant Counts pled guilty to conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994). Counsel for Tyler and Counts have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred when it failed to grant Tyler's motion to suppress the cocaine seized at the time of his arrest and when it failed to grant Counts' motion for a downward departure under U.S. Sentencing Guidelines Manual (USSG) §§ 5H1.6, 5K2.0 (1997), due to unusual family hardship. Counsel asserts there are no meritorious grounds for appeal. The Government has filed a motion to dismiss Counts' appeal contending that Counts waived his rights to appeal his conviction or sentence because he entered into an unconditional plea agreement. Tyler and Counts were informed of their right to file a pro se supplemental brief. Counts filed an informal brief, but Tyler did not. Because our review of the entire record reveals no reversible error, we dismiss Counts' appeal and affirm Tyler's conviction and sentence.

On September 11, 1996, law enforcement officials began an investigation into Counts' background, after receiving complaints suggesting that he was engaging in drug trafficking activities within The Oaks, the apartment complex in which he lived. During their investi-

2

gation, law enforcement officials determined that the vehicle identification number ("VIN") on Counts' vehicle ("Toyota") did not correspond with the vehicle's registration and that Counts had an extensive criminal history. Thereafter, law enforcement officials went to The Oaks to determine whether Counts had lawful possession of the Toyota.

While police were inspecting the Toyota, Counts, Tyler, and Joe Nathan Green came out of The Oaks' garage area and walked toward the Toyota. Police observed Counts carrying a large plastic garbage bag and car keys, Tyler carrying a white plastic grocery bag, and Green carrying a pair of jumper cables. As the men were exiting the garage, the officers approached them, and Counts and Tyler dropped the bags they were carrying under the Toyota.

After Counts informed Agent Blowers that he owned the Toyota, Blowers identified himself as an FBI agent. Blowers asked Counts to place his hands on the hood of the Toyota so that he could perform a safety patdown. While Blowers frisked Counts, Tyler and Green were asked to remain against the garage wall, and they were also searched for weapons. Blowers then asked Counts to open the hood of the vehicle so that he could compare the VIN on the engine with the VIN on the vehicle registration. As Counts and Blower walked toward the front of the Toyota, Counts kicked one of the two bags previously dropped to the ground under the front of the vehicle.

Counts advised Blowers that the larger bag contained garbage and Blowers asked for Counts' consent to search the bag. Counts initially denied ownership of the bag, but he eventually consented to the search. Blowers retrieved the bag, searched it, and found wrappers used to package cocaine that contained cocaine residue. Blowers arrested all three men. Officers could see that the second, smaller bag contained other plastic bags that appeared to contain crack cocaine. As an officer picked up the second bag, a quantity of crack cocaine fell to the ground. The bag was then searched and officers found an additional package of crack cocaine inside the bag.

Tyler moved to suppress the evidence seized as well as any statements he made to law enforcement officials on September 11, 1996, contending that: (1) his initial detention was not based upon reason-

3

able suspicion; (2) the plastic bags were searched without a warrant or his consent; and (3) he was not advised of his <u>Miranda</u> rights prior to being interviewed by investigators. Pursuant to 28 U.S.C. § 636(b)(1)(B) (1994), a magistrate judge was designated to recommend disposition of Tyler's suppression motion. The magistrate judge recommended that the motion be denied, and Tyler filed objections. After a de novo review, the district court accepted the magistrate judge's recommendation and denied Tyler's motion to suppress.

Tyler entered into a conditional plea agreement, reserving his right to appeal the suppression issue. Counts also entered into a plea agreement, but waived his right to appeal except for issues regarding ineffective assistance and prosecutorial misconduct. At sentencing Counts' attorney filed a motion seeking a downward departure pursuant to USSG §§ 5K2.0, 5H1.6, due to unusual family hardship. The motion was subsequently denied, and Counts was sentenced as a career offender. Tyler and Counts timely appealed.

Tyler contends on appeal that the district court erred when it denied his motion to suppress. In considering the denial of Tyler's motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. <u>See United States v. Rusher</u>, 966 F.2d 868, 873 (4th Cir. 1992). Tyler first asserts that the motion should have been granted because he was illegally detained when he first encountered law enforcement officials upon exiting the garage at The Oaks apartment complex with Counts and Green. We disagree. A law enforcement officer may stop and briefly detain a person for investigative purposes when that officer has a reasonable suspicion of ongoing criminal activity based on specific articulable facts. <u>See</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). In evaluating the validity of an investigative stop, we must consider the totality of the circumstances. <u>See United States v. Sokolow</u>, 490 U.S. 1, 8 (1989). At the time the officers stopped the Defendants, they knew that Counts had a lengthy criminal record that included violent crimes and drug related offenses, and that he was on parole. They had received complaints that Counts was dealing drugs. The officers further believed that the Toyota was not properly registered, and therefore, may have been stolen. Finally, Counts and Tyler were leaving the garage carrying plastic bags, which they both dropped when they saw officers approaching. Based

upon these facts, we find the officers had a reasonable suspicion, which justified their decision to stop and detain Tyler.

Tyler further contends that his suppression motion should have been granted because the plastic bags at issue were searched without his consent or a warrant. All warrantless searches"are per se unreasonable under the Fourth Amendment--subject only to a few specifically established and well-delineated exceptions." Mincey v. Arizona, 437 U.S. 385, 390 (1978) (quoting Katz v. United States, 389 U.S. 347, 357 (1967) (footnotes omitted)). One such exception is a search incident to a lawful arrest. See Chimel v. California, 395 U.S. 752, 762-63 (1969). Blowers, with Counts' consent, opened the large plastic bag Counts dropped and saw what appeared to be cocaine in plastic wrappers. Based on this discovery, Counts, Tyler, and Green were lawfully arrested for possession of cocaine. The smaller bag was only a short distance from the three men, so it could lawfully be searched incident to the arrest. Finally, the officers saw plastic bags containing a substance that appeared to be crack cocaine protruding from the smaller bag which Tyler had been carrying. In light of the contents of the larger bag and the materials protruding from the smaller bag, it was reasonable to believe that the smaller bag also contained drugs. Thus, the search was also proper under the plain view doctrine because the incriminating nature of the bag's contents was immediately apparent. See United States v. Legg, 18 F.3d 240, 242 (4th Cir. 1994).

Finally, Tyler claims that his motion to suppress should have been granted with respect to the post-arrest statements he made to law enforcement officials because he was not advised of his Miranda rights prior to being interviewed. The record, however, reveals that Tyler was advised of his rights under Miranda at the time of his arrest. Accordingly, we find that the district court properly accepted the magistrate judge's report and recommendation to deny Tyler's suppression motion.

We grant the Government's motion to dismiss Counts' appeal because he waived his right to appeal his conviction or sentence and the waiver was valid and enforceable. Therefore he is foreclosed from appealing.**1** See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995).

_____

**1** In any event, the denial of a motion to depart downward is generally not appealable. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

5

Counts has also filed a pro se supplemental brief alleging that counsel rendered ineffective assistance because: (1) he failed to file objections to the presentence report; (2) he failed to argue that the Government had not proven that cocaine base was "crack;" and (3) he stipulated, in Counts' plea agreement, to a two-point increase for possession of a firearm under USSG § 2D1.1(b)(1). "[C]laim[s] of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Based on our review of the record, there has been no such showing, and the claim is not properly before us.**2**

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. Accordingly, Tyler's conviction and sentence are affirmed. We grant the Government's motion to dismiss Counts' appeal. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If a client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave

_____

**2** The record before the court reveals that counsel considered whether to challenge a career criminal enhancement and stated that she would make an objection if she found it appropriate. Because counsel made this statement and did not file an objection we must conclude that counsel determined the challenge to be meritless. Such a calculated decision by counsel is not per se ineffective assistance of counsel. See e.g. Strickland v. Washington, 466 U.S. 668, 687-94 (1984) (holding that defendant must establish that counsel's performance was deficient and that counsel's performance affected the outcome of his case). The record further discloses that law enforcement officials testified that the cocaine base was protruding from a plastic bag and that it was a hard white to yellow substance, suggesting that it was in its rock-like form rather than in a liquid or paste, and that the substance looked like crack cocaine. See id. Moreover, we have held that crack cocaine and cocaine base are synonymous. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995). Finally, Counts did not challenge the facts presented in the presentence report; according to the report the police searched Counts' residence pursuant to a warrant and recovered cocaine powder, crack cocaine, and five firearms.

6

to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 97-4982 - <u>DISMISSED</u>

No. 98-4219 - <u>AFFIRMED</u>

7